# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**FREDDIE RAMIREZ, Jr.,**                     :

                                             :

           **Plaintiff**              :        **CIVIL ACTION NO. 3:15-0012**

                                             :

     **v**                                   :

                                             :        **(JUDGE MANNION)**

**JOHN WETZEL,** *et al.,*                   :

           **Defendants**            :

## MEMORANDUM

## I. Background

On January 5, 2015, Plaintiff, Freddie Ramirez, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). By Order dated April 28, 2015, Plaintiff's amended complaint, filed prior to service being effectuated, was stricken from the record for failing to comply with the requirements of Fed.R.Civ.P. 8(a) and Plaintiff was afforded an opportunity to file an amended complaint on, or before, May 29, 2015. (Doc. 13). By Order dated May 18, 2015, the Court granted Plaintiff's motion to clarify this Court's April 28, 2015 Order striking Plaintiff's amended complaint filed prior to service being effectuated. (Doc. 15). Since the granting of Plaintiff's motion to clarify on May 18, 2015, this Court has granted Plaintiff six enlargements of time within which to file his amended complaint. (See Docs. 17, 22, 24, 26, 33, 35).

The Court's most recent Order granting Plaintiff's enlargement of time within which to file his amended complaint, informed Plaintiff that the failure to file his amended complaint would result in this Court dismissing Plaintiff's action pursuant to Fed.R.Civ.P. 41(b) for failing to comply with Court Orders and failing to prosecute the above captioned action. (Doc. 35). To date, Plaintiff has neither filed an amended complaint, nor requested and justified another enlargement of time within which to do so.

## II.  Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial

court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff has been repeatedly advised of the necessity of responding to the Orders of Court, and is personally responsible for failing to do so. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal preparation. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's failure to respond to the deadlines in the above-captioned action constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without the filing of an amended complaint. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor).  As such, the Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss

Plaintiff's complaint both for failure to prosecute and for failure to comply with

a Court Order. An appropriate Order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   June 13, 2016**